FILED
SUPERIOR COURT
OF GUAM

2022 NOV 15 AM 11: 10

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES and LIA COLETTE GUERRERO, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN JUNIOR PANGELINAN, II, <br><br> Defendant. | CHILD SUPPORT CASE NO. CS0117-21 <br><br><br> DECISION AND ORDER RE PLAINTIFF GUERRERO'S OBJECTION TO ORDER |

This matter came before the Honorable Dana A. Gutierrez regarding Plaintiff Lia Colette Guerrero's ("Plaintiff Guerrero") Objection to Order for Erica's House Supervised Visitation (the "Objection") filed on May 12, 2022 before the Administrative Hearing Officer. After a Status Hearing held on June 22, 2022, the Objection was taken under advisement without hearing oral argument. Upon consideration of the pleadings and the status of the Minor's guardianship, the Court hereby **DENIES** Plaintiff Guerrero's Objection and remands the matter back to the Administrative Hearing Officer for further proceedings not inconsistent with this Decision and Order.

### BACKGROUND

On October 12, 2021, the Office of the Attorney General filed a Complaint on behalf of Plaintiff Guerrero and the Department of Public Health and Social Services ("DPHSS") with regard to the child support obligations of Defendant John Junior Pangelinan II ("Defendant

Pangelinan"). Compl. at 1-2. On February 2, 2022, the *Pro Tem* Administrative Hearing Officer Maria G. Fitzpatrick issued a Findings and Order Re Parent-Child Relationship Temporary Child Support TANF Arrears, which found Defendant Pangelinan to be the father of the Minor and that he owed temporary child support and child support arrears to Plaintiff Guerrero and DPHSS. Findings and Order, at 1-2. On May 11, 2022, Administrative Hearing Officer B. Ann Keith ("AHO Keith") issued an Order for Erica's House Supervised Visitation ("Order") to start supervised visitation between the Minor and Defendant Pangelinan beginning on May 14, 2022. Order, at 1.

On May 12, 2022, Plaintiff Guerrero filed the Objection, which alleged that Defendant Pangelinan should not have visitation rights due to various reasons, including "history of abuse of an illegal drug" and failing to pay "child support obligations." Objection, at ¶¶ 1, 5. On May 16, 2022, AHO Keith filed a Request for Review of Court Order with the Clerk of Court regarding the Objection. On May 18, 2022, the Honorable Dana A. Gutierrez was assigned to review the Order and Objection.

Plaintiff Guerrero's Objection states that "Plaintiff's Parents, RYAN S. BALAJADIA and TARA M. G. BALAJADIA have Guardianship over the minor child as Ordered in JUV. SPECIAL PROCEEDINGS CASE NO. JP 0090-22."[1] Objection, at ¶ 10. Based on the Court's review of the Objection, the Court called a Status Hearing on June 22, 2022. Plaintiff Guerrero appeared at the Status Hearing along with one of the guardians of the Minor, Ryan S. Balajadia ("Guardian Balajadia").[2] Guardian Balajadia informed the Court that he had guardianship over the Minor. Min. Entry, at 9:38:25 AM - 9:39:10 AM (June 22, 2022). Plaintiff Guerrero stated

---

[1] On April 13, 2022, an Order Appointing Guardian of Minor and a Consent of Guardianship were filed in Juvenile Special Proceedings No. JP0090-22.

[2] Defendant Pangelinan did not appear at the Status Hearing.

that she did not inform AHO Keith about the guardianship at the time she ordered supervised visitation. Min. Entry, at 9:39:18 AM - 9:39:22 AM (June 22, 2022). On July 26, 2022, the Court took the Objection under advisement without hearing oral arguments.[3]

## DISCUSSION

When guardianship of a minor is granted, "the authority of a parent ceases" and the guardian now has "the duty and authority to make important decisions having a permanent effect on the life and development of the child, and to be concerned about the general welfare of the child." 19 GCA §§ 4113, 4202(e). These responsibilities include "the authority and duty of reasonable visitation..." and "the rights and responsibilities of legal custody..." *Id*. However, when a guardianship order does not terminate the parental rights, the parent maintains certain "residual parental rights" like "the right to visitation." *Id*. at § 4202(i); *see In re J.L.L.P.*, 2004 Guam 3, at ¶ 16. ("Guam law provides that a parent who does not have custody over his child is entitled to visitation at the court's discretion."). While a guardian cannot have "unlimited discretion" over visitations, a guardian may have the authority "to determine the time and manner in which visitation will take place" between the minor and the parents. *Id*. at ¶¶ 16-18.[4]

In this case, AHO Keith issued the Order for supervised visitation at Erica's House between the Minor and the Minor's father, Defendant Pangelinan, on May 11, 2022, and on May 12, 2022, Plaintiff Guerrero objected to the Order for supervised visitation. Objection, at 1. However, prior to the Order and Objection being filed, Plaintiff Guerrero consented to the court

---

[3] The Court notes that since this matter was taken under advisement, AHO Keith has continued to call and take action in the child support case. On September 15, 2022, AHO Keith issued a Findings and Order Re Child Support Arrears, amending the amount of child support arrears owed from Defendant Pangelinan to Plaintiff Guerrero and DPHSS due to Plaintiff Guerrero only having custody of the Minor during February and March of 2022.

[4] The Court always maintains the power to "determine *whether* visitation takes place." *In re J.L.L.P.*, 2004 Guam 3, at ¶ 17.

granting the Balajadias guardianship over the Minor on April 13, 2022. While Plaintiff Guerrero's and Defendant Pangelinan's parental rights were not terminated in the Order Appointing Guardian of Minor, their authority as parents ceased, and they only maintained residual parental rights. *See* 19 GCA §§ 4113, 4202(e). After being appointed guardians, the Balajadias are now the ones with the legal authority and responsibilities regarding the Minor. *See id.* The Balajadias have not filed any objection or documents in support of Plaintiff Guerrero's Objection. In fact, at the June 22, 2022 Status Hearing before this Court, Mr. Balajadia noted that they had "no problem with visitation" between the Minor and Defendant Pangelinan, and only requested that Defendant Pangelinan take "some kind of parental classes." Min. Entry, at 9:44:11 AM - 9:44:24 AM (June 22, 2022).

The Court finds that the Balajadias were guardians of the Minor at the time the Order was issued by AHO Keith and when Plaintiff Guerrero filed her Objection. Therefore, the Balajadias, and not Plaintiff Guerrero, have legal authority and responsibilities over the Minor.

## CONCLUSION

Based upon the above-mentioned facts, applicable law and for good cause, the Court hereby **DENIES** Plaintiff Guerrero's Objection to the Order and remands this matter for further proceedings not inconsistent with this Decision and Order.

**SO ORDERED** _____ NOV 15 2022 _____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

I acknowledge that an electronic
copy of the original was e-mailed to:

_AL/&s_

_L. Guerrero_

Date: _____ Time: _11/15/22_

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam